## Case No. 8,385.

### In re LITCHFIELD.

[7 Ben. 259;[1] 9 N. B. R. 506.]

District Court, S. D. New York. April 14, 1874.

**DEATH OF BANKRUPT—ISSUING OF WARRANT.**

1. An order of adjudication in a proceeding in involuntary bankruptcy was entered on November 3d, 1873. On the 27th of November the bankrupt died, and on the 27th of December following the warrant was actually issued: *Held*, that the court had not lost jurisdiction of the proceedings.

2. Under the twelfth section of the bankruptcy act [of 1867 (14 Stat. 522)] the words "issuing of the warrant" must be taken to be synonymous with the words "entering of the order of adjudication."

[In the matter of Elisha C. Litchfield, a bankrupt.]

Anderson & Man, for creditor.

Brown, Hall & Vanderpoel, for assignee.

BLATCHFORD, District Judge. This is a proceeding in involuntary bankruptcy. The order of adjudication was entered on the 3d of November, 1873. The bankrupt died on the 27th of November, 1873. The warrant was physically issued on the 27th of December, 1873, after the death of the bankrupt. A creditor objects to further proceedings in the matter by this court, on the ground that this court lost jurisdiction of the matter by the death of the bankrupt. The objection is founded on the language of section 12 of the act: "If the debtor dies after the issuing of the warrant, the proceedings may be continued and concluded in like manner as if he had lived." This provision is found among those which relate to voluntary bankruptcy. Section 11, which relates to voluntary bankruptcy, provides, that the filing of a voluntary petition shall be an act of bankruptcy, and the petitioner shall be adjudged a bankrupt, and a warrant shall forthwith be issued. The 42d section, which relates to involuntary bankruptcy, provides, that the court shall adjudge the debtor to be a bankrupt, and shall forthwith issue a warrant, and that the proceedings for the taking possession, assignment and distribution of the property of the debtor shall be similar to those before provided for in the act in regard to voluntary petitions.

It is contended, that the 12th section implies, that, if the debtor dies before the issuing of the warrant, the proceedings cannot be continued; and that the warrant is not issued, within the meaning of the section or of the act, until it is physically issued, or, in other words, that, when it is physically issued, it cannot be considered as having been issued before it was physically issued. The 38th section provides, that the filing of a petition for adjudication in bankruptcy, either by a debtor in his own behalf, or by a creditor against a debtor, upon which an order shall be issued adjudicating the debtor a bankrupt, shall be deemed and taken to be the commencement of proceedings in bankruptcy under the act. In re Patterson [Case No. 10,815]. By section 14, the assignment to the assignee, and his title thereunder, relates back to the commencement of the proceedings in bankruptcy. In the present case, there having been an adjudication entered before the death of the bankrupt, the title of the assignee relates back to the time the petition was filed, and the title the bankrupt then had to his property is absolutely vested in the assignee, unless the death of the bankrupt has had the effect to prevent the vesting of such title in the assignee.

I do not think that the bankrupt died before the issuing of the warrant, in the sense of the 12th section. The warrant is required to be issued forthwith. It is, in judgment of law, issued simultaneously with the entry of the order of adjudication. Whenever it is physically issued it relates back, for the purposes of the 12th section, to the entry of the order of adjudication. The entry of that order causes the entire proceedings and the title of the assignee to relate back to the filing of the petition, and there is no indication in the act of any intention that the death of the bankrupt after the entry of that order shall dissolve all the proceedings, if the physical preparation and issuing of the warrant shall happen to be delayed until after such death. Where the 12th section speaks of the issuing of the warrant, it contemplates its issue, in a voluntary case, simultaneously with the entry of an order of adjudication; and the same intent exists in regard to an involuntary case. The 12th section must be read as if the words "issuing of the warrant" were "entering of the order of adjudication." There is no difference in the two forms of expression.

[This case was subsequently heard upon the claim for services of counsel in the prosecution of suit in interest of bankrupt. Case No. 8,386.]